[No. 10013.   Department One.   February 20, 1912.]

Honora Brennan, *Respondent*, v. Bart Healy, *Appellant*.[1]

Appeal—Review—Harmless Error—Evidence.   In an action for services as a trained nurse, the admission of irrelevant evidence as to articles furnished by the plaintiff is not prejudicial, where there was no evidence of their value and the instructions only permitted recovery for the reasonable value of the service.

Appeal—Review—Verdict.   A verdict will not be set aside as contrary to the evidence, or as excessive, where there was competent evidence to support it.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered May 4, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.   Affirmed.

*E. C. Dailey*, for appellant.
*Hathaway & Alston*, for respondent.

Gose, J.—This is a suit upon an account for services rendered by the plaintiff as a trained nurse in nursing the defendant's wife and child.   It is alleged in the complaint that she entered the service of the defendant as a trained nurse on the 13th day of September, 1909, at his request; that she continued in his service until the 4th day of May, 1910, and that her services were reasonably worth $25 per week, making in the aggregate $835.50.   She prays a judgment for that amount.   Issue is joined both upon the contract to render service and the reasonable value of the service.   There was a ·

[1]Reported in 121 Pac. 59.

verdict and judgment for the plaintiff for $500, from which the defendant prosecutes this appeal.

The errors assigned are, (1) that the court erred in admitting certain evidence; (2) that the verdict is contrary to the law and the evidence; and (3) that the verdict is excessive.

The court permitted the respondent to testify that she tore up certain articles of her clothing and used them in nursing the appellant's wife. This testimony was irrelevant and immaterial under the pleadings, but it does not follow that it was prejudicial. No evidence was offered as to the value of the articles. The court instructed the jury that, if they found that the services were performed at the request of the appellant, the respondent was entitled to recover the reasonable value thereof. There was no reference in the instructions to anything furnished by the respondent. We do not think the admission of the testimony was prejudicial.

The verdict was not contrary to the law and the evidence. Upon the evidence submitted, the jury might have found for either party and the verdict would have been supported by competent, substantial evidence. We are not concerned with the question of the preponderance of the evidence. That question was settled by the verdict of the jury.

Nor can we declare, as a matter of law, that the verdict was excessive. The evidence would have supported a verdict for the full amount claimed. The case presents a simple question of fact which the jury resolved against the appellant, and he must accept the verdict.

The judgment is affirmed.

DUNBAR, C. J., PARKER, CROW, and CHADWICK, JJ., concur.